UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CARL JIMINEZ,

                                           Plaintiff,        **COMPLAINT**

                    -against-

                                      07 Civ. 11601 (RWS)

THE CITY OF NEW YORK, P.O. DANIEL NEIRA, and
P.O.s JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane Doe     **JURY TRIAL DEMANDED**
being fictitious, as the true names are presently unknown),

                                         Defendants.

------------------------------------------------------------------------X

      Plaintiff CARL JIMINEZ, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

    4.    Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff CARL JIMINEZ is a Latino male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O. DANIEL NEIRA and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On November 15, 2006, at approximately 5:00 p.m., plaintiff CARL JIMINEZ was lawfully present in the Christopher Street subway station of the "1" line, in the County, City, and State of New York.

14. At aforesaid time and place, plaintiff CARL JIMINEZ was suddenly accosted by defendant P.O. DANIEL NEIRA.

15. Defendant P.O. DANIEL NEIRA handcuffed plaintiff CARL JIMINEZ and placed him under arrest for theft of services and trespass, despite defendant's knowledge that he lacked probable cause to do so.

16. Plaintiff CARL JIMINEZ was then transported to Transit District 2 of the New York City Police Department, in Manhattan, New York, and from there to Manhattan Central Booking

17. Plaintiff CARL JIMINEZ was detained and held in police custody for approximately twenty-four hours.

18. Defendants initiated criminal proceedings against plaintiff CARL JIMINEZ despite defendants' knowledge that they lacked probable cause to do so.

19. Plaintiff CARL JIMINEZ was required to make court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

20. On February 20, 2007, all charges against plaintiff CARL JIMINEZ were dismissed.

21. As a result of the foregoing, plaintiff CARL JIMINEZ sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiff CARL JIMINEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. As a result of the aforesaid conduct by defendants, plaintiff CARL JIMINEZ was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

30. As a result of the foregoing, plaintiff CARL JIMINEZ' liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants issued legal process to place plaintiff CARL JIMINEZ under arrest.

33. Defendants arrested plaintiff CARL JIMINEZ in order to obtain a collateral objective outside the legitimate ends of the legal process.

34. Defendants acted with intent to do harm to plaintiff CARL JIMINEZ without excuse or justification.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants misrepresented and falsified evidence before the District Attorney.

37. Defendants did not make a complete and full statement of facts to the District Attorney.

38. Defendants withheld exculpatory evidence from the District Attorney.

39. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff CARL JIMINEZ.

40. Defendants lacked probable cause to initiate criminal proceedings against plaintiff CARL JIMINEZ.

41. Defendants acted with malice in initiating criminal proceedings against plaintiff CARL JIMINEZ.

42. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff CARL JIMINEZ.

43. Defendants lacked probable cause to continue criminal proceedings against plaintiff CARL JIMINEZ.

44. Defendants acted with malice in continuing criminal proceedings against plaintiff CARL JIMINEZ.

45. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

46. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff CARL JIMINEZ' favor on or about February 20, 2007, when all charges against him were dismissed.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, arresting minority individuals within the mass transit system without probable cause, and arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

50. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **William Davenport v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 0776;

- **Chasity Rivera v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 6769;

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Nicholas Lawrence v. City of New York,** United States District Court, Eastern District of New York, 05 CV 0055.

51. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CARL JIMINEZ.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CARL JIMINEZ as alleged herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff CARL JIMINEZ as alleged herein.

55. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CARL JIMINEZ was

unlawfully assaulted, arrested, and incarcerated.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CARL JIMINEZ' constitutional rights.

57. All of the foregoing acts by defendants deprived plaintiff CARL JIMINEZ of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from malicious abuse of process;

    E. Not to have cruel and unusual punishment imposed upon her; and

    F. To receive equal protection under the law.

58. As a result of the foregoing, plaintiff CARL JIMINEZ is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff CARL JIMINEZ demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
             December 26, 2007

                                                                /s
                                          ROSE M. WEBER (RW 0515)
                                          225 Broadway, Suite 1607
                                          New York, NY 10007
                                          (212) 748-3355