

MICHAEL A. CARDOZO
*Corporation Counsel*

# THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JESSICA T. COHEN
*Assistant Corporation Counsel*
jecohen@law.nyc.gov
(212) 788-1895
(212) 788-9776 (fax)

January 17, 2008

**BY FAX**
The Honorable Robert Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007





Re: Carl Jiminez v. City of New York, et al.,
07 CV 11601 (RWS)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above referenced matter. I write to respectfully request an enlargement of time from the present date until March 17, 2008, to answer or otherwise respond to plaintiff's complaint on behalf of defendant the City of New York. In addition, without appearing on his behalf or making any representations as to the adequacy of service or otherwise, this office respectfully requests a similar enlargement of time until March 17, 2008, on behalf of defendant Daniel Neira. This is defendants' first request for an enlargement of time to respond to plaintiff's complaint. Plaintiff's counsel, Rose Weber, Esq., consents to this request.

    In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Plaintiff alleges that, on or about November 15, 2006, in the vicinity of the Christopher Street subway station in New York, defendant Neira "suddenly accosted him." Plaintiff further alleges that he was arrested for "theft of services and trespass," and transported to Transit District 2. According to plaintiff's complaint, he was transported to Manhattan Central Booking and "held in police custody for approximately 24 hours." Plaintiff maintains that he was forced to make court appearances until February 20, 2007, when all charges against him were dismissed. As a result, plaintiff alleges that he was, among other things falsely arrested, subject to malicious prosecution, and suffered "emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights." Accordingly, it is necessary for defendants to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. To that

So ordered
Sweet USDJ
1.18.08

end, this office has already forwarded to plaintiff for execution a N.Y.C.P.L. §160.50 release so that we can access the sealed records from his underlying criminal prosecution, including the criminal court and District Attorney's file. In addition, to the extent plaintiff is alleging physical or psychological injury, plaintiff was also sent a HIPAA compliant medical release for his execution so that we may access any relevant medical records.

Accordingly, defendant City of New York respectfully requests that its time to respond to the complaint be extended to March 17, 2008. In addition, without appearing on his behalf or making any representations as to the adequacy of service or otherwise, this office respectfully requests a similar enlargement of time until March 17, 2008, on behalf of defendant Daniel Neira. Thank you for your consideration herein.

Respectfully submitted,

Jessica T. Cohen (JC 0044)
Assistant Corporation Counsel

cc:　Rose Weber, Esq. (by fax)
　　　Attorney for Plaintiff