UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

CARL JIMINEZ,

                                              Plaintiff,

                    -against-

THE CITY OF NEW YORK, P.O. DANIEL NEIRA, and
P.O.s JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown,

                                              Defendants.

------------------------------------------------------------------------- x

**ANSWER**

07 CV 11601 (RWS)

**<u>JURY TRIAL DEMANDED</u>**

                    Defendants City of New York and Daniel Neira, by their attorney, Michael A.

Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint,

respectfully allege, upon information and belief, as follows:

                    1.        Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to proceed as stated therein.

                    2.        Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to bring this action as stated therein.

                    3.        Deny the allegations set forth in paragraph "3" of the complaint, except

admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

                    4.        Deny the allegations set forth in paragraph "4" of the complaint, except

admit that plaintiff purports to base venue as stated therein.

                    5.        Paragraph "5" of the complaint sets forth a demand for a demand for a jury

trial, rather then an averment of fact, and accordingly no response is required.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.    Deny the allegations set forth in paragraph "7" of the complaint, except admit that City of New York is a municipal corporation existing under the laws of the State of New York.

8.    Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a Police Department, and respectfully refers the Court to the New York City Charter and the Administrative Code for the relationship between the City of New York and the New York City Police Department.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit that Officer Neira is employed by the City of New York as a police officer, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "P.O.s John and Jane Does 1-10."

10.    Paragraph "10" of the complaint contains conclusions of law rather than averments of fact and, accordingly, no response is required.

11.    Paragraph "11" of the complaint contains conclusions of law rather than averments of fact and, accordingly, no response is required.

12.    Paragraph "12" of the complaint contains conclusions of law rather than averments of fact and, accordingly, no response is required.

13.    Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was in the vicinity of the Christopher Street subway station on November 15, 2006.

14.    Deny the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "21" inclusive of their answer, as is fully set forth herein.

23.    Defendants state that allegations set forth in paragraph "23" of the complaint are conclusions of law rather then averments of fact, and accordingly, no response is required.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Defendants state that allegations set forth in paragraph "25" of the complaint are conclusions of law rather then averments of fact, and accordingly, no response is required.

26.    Defendants state that allegations set forth in paragraph "26" of the complaint are conclusions of law rather then averments of fact, and accordingly, no response is required.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "27" inclusive of their answer, as is fully set forth herein.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" though "30" inclusive of their, as is fully set forth herein.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "34" inclusive of their answer, as is fully set forth herein.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "46" inclusive of their answer, as is fully set forth herein.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint, including all subparts thereto.

58.     Deny the allegations set forth in paragraph "58" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

59.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

60.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

61.     At all times relevant to the acts alleged in the complaint, defendant Daniel Neira acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

62.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

63.     This action may be barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

64.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercises of their discretion. Therefore, the City is entitled to governmental immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

65.     This action may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

66.     Plaintiff may have failed to satisfy the conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

67.     Defendant Neira has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore, is entitled to qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

68.     There was probable cause for the plaintiff's arrest, detention and prosecution.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

69.     Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

70.     Plaintiff provoked the incident.

**WHEREFORE,** defendants City of New York and Daniel Neira request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 17, 2008

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants City of New York and Neira
                    100 Church Street, Room 3-208
                    New York, New York 10007
                    (212) 788-1895

               By:                   
                      Jessica T. Cohen (JC 0044)
                    Assistant Corporation Counsel

cc:     Rose Weber, Esq. (by ecf)
         225 Broadway, Suite 1608
         New York, New York  10007

Docket No. 07 Civ. 11601 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL JIMENEZ,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, P.O. DANIEL
NEIRA, and P.O.s JOHN and JANE DOE #1-10,
individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the
true names are presently unknown,

                                        Defendants

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City and Neira*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Jessica T. Cohen*
*Tel:  (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .........................................,2008*

*................................................................ Esq.*

*Attorney for .........................................................*

- 9 -